IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------- X

YISROEL LIEBB and JACOB SEBBAG,

                Plaintiffs,      INDEX NO.: 1:25-cv-02192

v.

**COMPLAINT**

UNITED AIRLINES, INC.,
DEPARTMENT OF HOMELAND
SECURITY, UNITED STATES      ADMINISTRATIVE LAW COURTS OF
CUSTOMS AND BORDER            THE DEPARTMENT OF HOMELAND
PROTECTION and TRANSPORTATION  SECURITY
SECURITY ADMINISTRATION,      Confirmation Number : WP-003207

                Defendants.

----------------------------------------------------- X

Plaintiffs, YISROEL LIEBB ("Liebb") and JACOB SEBBAG ("Sebbag")(together, "Plaintiffs"), by and through their attorneys, Affri & Associates , as and for their Complaint against the Defendants UNITED AIRLINES, INC. ("United"), DEPARTMENT OF HOMELAND SECURITY ("DHS"), UNITED STATES CUSTOMS AND BORDER PROTECTION ("CBP"), and the TRANSPORTATION SECURITY ADMINISTRATION ("TSA")(together, "Defendants"), hereby allege the following:

## NATURE OF THE CASE

1. This case stems from injuries suffered by the Plaintiffs during a flight travelling from Tulum, Mexico to Houston, Texas.

2. The occurrences herein have caused Plaintiffs to undergo significant unwarranted delays in their travel plans, physical injuries, great discomfort, extreme emotional distress, public embarrassment, and anxiety associated with publicly wearing their religious garb. Further, Plaintiff Lieb feels sexually violated and embarrassed after having been publicly exposed in the nude.

## JURISDICTION

3. This action arises under Articles 17 and 19 of the Convention for the Unification of Certain Rules for International Carriage by Air, 1999 (hereafter, the "Montreal Convention").

4. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331. The Montreal Convention is a treaty signed by the United States, and violations thereof constitute a federal question.

## VENUE

5. Venue is proper in this Court, pursuant to Art. 33(2) of the Montreal Convention, as the Plaintiffs' principal and permanent place of residence is New York State, and the Defendant conducts business as a carrier within New York State.

## PARTIES

6. Plaintiff, Yisroel Liebb, is a United States Citizen and a permanent resident of the State of New Jersey.

7. Plaintiff, Jacob Sebbag, is a United States Citizen and a permanent resident of the State of New York.

8. Defendant, United Airlines, Inc., is a domestic corporation, organized under the laws of the United States. United Airlines, Inc. conducts business as a carrier in the State of New York.

9. The DHS, CBP, and TSA, are government agencies, and are currently being brought in the administrative law courts of the Department of Homeland security with regard to the

claims herein. The Index Number applicable to the relevant action in the Department of Homeland Security is WP-003207.

## FACTUAL BACKGROUND

10. On January 28, 2025, at around 4:30 PM EST, Plaintiffs boarded United Airlines flight, number UA1601, from Tulum to Houston.

11. At approximately 5:00 PM EST, Liebb went to the restroom in the back of the aircraft.

12. At approximately 5:20 PM EST, a stewardess woke Sebbag to check on Liebb as he had been in the bathroom for twenty (20) minutes. Sebbag complied, and asked Liebb if he was alright. Liebb responded that he was alright but experiencing constipation and would be out shortly. Sebbag relayed this to the stewardess and returned to his seat.

13. About ten (10) minutes later, Sebbag was approached by a pilot, and asked to approach the bathroom to once again try and get Liebb out of the bathroom.

14. The pilot began yelling loudly at Liebb, demanding he leave the bathroom immediately. The pilot soon turned to Sebbag and began loudly demanding he force Liebb out of the bathroom.

15. Seconds later, Liebb spoke through the door, notifying the pilot that he was okay, that he was finishing up, and that he would be out momentarily. The pilot became visibly enraged, broke the lock on the door and forced the door to the bathroom open, pulling Liebb out of the bathroom with his pants still around his ankles, exposing his genitalia to Sebbag, several flight attendants, and the nearby passengers on the plane. Liebb quickly pulled his pants back to his waist after being allowed to set his feet.

16. With Sebbag leading Liebb, the pilot proceeded to repeatedly push the Plaintiffs back to their seats while making threats of getting the Plaintiffs arrested and making scathing remarks about their Judaism, and how "Jews act."

17. At 5:53 PM CST, the flight landed. Before anyone could disembark, the plane was boarded by five to seven agents from the DHS, specifically CBP, who demanded everybody take their seats, before approaching the Plaintiffs.

18. The CBP agents approached Liebb, pulled him from his seat, bent his arms behind his back, cuffed him and began escorting him to the front of the plane.

19. The CBP agents then asked Sebbag if he knew Liebb. Sebbag replied the he and Lieb are merely acquaintances. The agent asked Sebbag if Liebb was in his phone contacts, which Sebbag responded affirmatively to. The CBP agent then pulled Sebbag from his seat, and escorted him to a DHS facility, where he was then handcuffed.

20. While being escorted from the plane, Liebb stated that the Plaintiffs have a legal right to know why they are being detained. The CBP agents escorting the Plaintiffs responded that "this isn't county or state, we are homeland, you have no rights here."

21. After the previous remark, the CBP agent escorting Liebb tightened his handcuffs to the point that he verbally spoke out against the pain. Liebb pleaded with the CBP agent escorting him to please loosen the handcuffs as he had been cooperating fully and was not a threat.

22. Thereafter, the Plaintiffs were escorted through the airports terminals and placed in separate cells before they were handcuffed to tables and their persons and luggage were subjected to intrusive, unconsented, unwarranted and unreasonable searches.

23. As a result of Defendant's conduct Plaintiff Liebb suffered injuries to his head and legs, incident to being forcefully pulled into the bathroom door frame as he was being ejected from the bathroom. Further Plaintiff Liebb suffered severe wrist pain while being handcuffed too tightly, which persisted for days afterward.

24. As a result of Defendant's conduct Plaintiff Sebbag suffered severe wrist pain while being handcuffed too tightly, which persisted for days afterward.

25. Plaintiffs' injuries were further worsened by Defendant's antisemitic rhetoric. Defendant's employee only escalated the encounter with Plaintiff Liebb because he is Jewish. Defendant's employee only involved Plaintiff Sebbag because he assumed them to be associated as they are both obviously Jewish, having been dressed in their traditional Jewish garb.

26. Further, upon information and belief, Defendant's employee escalated their encounter with Plaintiffs to Homeland Security based on knowingly false information, with the intent that Plaintiffs be detained unlawfully.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Injury to Passenger – Art. 17, Montreal Convention)**

27. Plaintiffs hereby reallege and incorporate their previous allegations as if fully set forth herein.

28. An employee of Defendant United Airlines knowingly and intentionally caused physical contact with, and harm to, the persons of the Plaintiffs by pulling Liebb out of the bathroom by force and shoving the Plaintiffs through the isle while shouting about his hatred for them because of their religious beliefs.

29. The Defendant knew this contact to be offensive and provocative, least of all, because the contract was uninvited, and most of all, because it was violent and discriminatorily charged.

30. Defendants had no reason to believe that their actions were necessary and constitute intentional misconduct.

31. Upon information and belief, the Defendant's employees made false and misleading statements to agents of the Department of Homeland Security, Customs and Border Protection, and/or Transportation Safety Administration, causing the Plaintiffs to be unlawfully detained and searched.

32. Plaintiffs suffered bodily injuries and emotional distress as a direct result of Defendant's intentional misconduct in assaulting the Plaintiffs and the physical injuries that resulted therefrom.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Delay – Art. 19, Montreal Convention)**

33. Plaintiffs hereby reallege and incorporate their previous allegations as if fully set forth herein.

34. As a result of the Defendant's conduct described herein, Plaintiffs were significantly delayed in their travel plans.

35. Due to being unlawfully detained and searched by Customs and Border Protection, the Plaintiffs were unable to make their return flight home to New York.

36. As a result, while Plaintiffs were provided with a complimentary flight for the following day, the Plaintiffs had to incur additional charges for hotel and food during the delay, essentially negating the price of the complimentary flight.

37. Plaintiffs' delay was a direct result of Defendant's intentional misconduct.

**WHEREFORE,** the Plaintiffs seek an entry of judgment against the Defendants, awarding damages in an amount to be determined at trial, plus costs and fees, and such other and further relief as the Court deems just and proper.


Dated: March 19, 2025
Chester, New York

Respectfully Submitted,
/s/ Farva Scott
Farva Scott, Affri & Associates
50 Evergreen Row Armonk, NY 10918
(347) 352 2470
farva@jarfrilaw.com
*Attorneys for Plaintiffs*